**RHODENBAUGH v. PREFERRED ACC. INS. CO. OF NEW YORK.**
**Civil Action No. 23829.**

District Court, N. D. Ohio, E. D.
July 10, 1946.

———◆———

Charles F. Scanlon, of Akron, Ohio, for plaintiff.

Howard C. Walker, of Akron, Ohio, for defendant.

WILKIN, District Judge.

This case was submitted on the pleadings, stipulation and agreed statement of facts, and briefs. The sole question is whether the policy of insurance issued by the defendant covered the plaintiff's decedent at the time of his death. The policy provided:

"Item 4. The Policy shall cover: ALL EMPLOYEES:—while engaged in flight testing of aircraft or while acting as Pilots or Crew Members of any aircraft including entering or alighting from aircraft and also including being struck on land or water by a moving aircraft or moving aircraft part while acting in the course of their employment * * *."

It is admitted that Ralph Rhodenbaugh was killed in the course of his employment as a "ground crew member" by being struck by a moving aircraft.

It is the contention of the defendant that "flight testing of aircraft" means testing of aircraft in flight and that therefore the plaintiff's decedent was not within the terms of the policy because he was on the ground and was not a pilot.

The plaintiff contends that "flight testing of aircraft" means the testing of aircraft for flight performance as conducted at the Goodyear Aircraft Corporation and therefore included "all the operations required for making tests, including those preparatory to actual flight, the flight itself, and the handling of crabs or complaints and repairs et cetera in between flights."

Two equally plausible interpretations of the policy may be made: 1. If we stress the fact that premiums were based on hours of actual flight, it would seem to indicate that the intention of the parties was to cover employees engaged in actual flying of the plane. 2. If we stress the words "crew members" and take account of the fact that the Corsair plane had capacity for one person only, the pilot, then the intention of the parties would seem to be that "crew members" must be "ground crew members," and since the policy provides for accidents resulting from "being struck on land," it would seem that the decedent was covered by the policy.

Since there are two equally plausible interpretations, under the law that one must prevail which is most favorable to the insured. Gathering the intent from the four corners of the contract and the circumstances under which it was made, the court is constrained to give judgment for plaintiff.